IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARCELINO AVILA, | : | CIVIL ACTION NO. **3:12-CV-1922** |
| Plaintiff | : | (Judge Kosik) |
| v. | : | (Magistrate Judge Blewitt) |
| CORRECTIONS OFFICER EIDEM, | : | |
| Defendant | : | |

## REPORT AND RECOMMENDATION

I.  **BACKGROUND.**

On September 26, 2012, inmate Plaintiff at SCI-Frackville, Frackville, Pennsylvania, filed, *pro se*, this instant civil rights Complaint pursuant to 42 U.S.C. § 1983 . (Doc. 1). Plaintiff also filed a Motion for Leave to Proceed *in forma pauperis* on that same date. (Doc. 2).

Plaintiff's Complaint named one Defendant, Corrections Officer Eidem, and consisted of the following three (3) short paragraphs:

1.  On January 20, 2011, while residing in my cell in the A-Unit, Number 50, SCI-Frackville, C/O Eidem at 8:15ish opened my cell door, stepped inside my cell and verbally and with hand gestures proposed I show him my bare bottom [] and penis []. When I refused, he left my cell, stating he would "get" me tomorrow.
2.  Within the month of April 2012, a second series of events began after complaints and grievances concerning C/O Eidem looking at me after initial Complaint of January 2011; C/O Eidem verbally berated me in an ongoing fashion, calling me a "home," "rapist," "faggot," and "homosexual." He did this out loud stating it to me and to other inmates.
3.  The promulgated existence of harassment and verbal abuse, culminated to ensuing months (May, June, July [and] August) of berating, by other corrections Officers (snide remarks) and cat-calls sexually against me and in proposition to me by other inmates.

(Doc. 1, pp. 2-5).

As relief, Plaintiff requested punitive damages of fifty thousand dollars from Defendant Eidem for cruelty unusual to the circumstances of his situation and for harassment and incitement against a prisoner by an officer of the state. He also requested "the sanction of lawful penalty, assuaged (sic) against Corrections Officer Eidem for attempt to exact personal use and punishment of my prison-disparaged of my [ascertainable] rights." (Doc. 1, p. 3). Lastly, Plaintiff requested a transfer from SCI-Frackville to "a convenient incarceration facility of the State of Pennsylvania for my apparent safety." (*Id*.).

On October 4, 2012, we screened Plaintiff's Complaint as required by the Prison Litigation Reform Act of 1995,[1] and we issued a Report and Recommendation ("R&R"). We recommend the following:

1. The Court **DISMISS WITHOUT PREJUDICE** Plaintiff's sexual harassment claim.

2. The Court **DISMISS WITH PREJUDICE** Plaintiff's request to be transferred to a different prison.

(Doc. 9).

Plaintiff filed Objections to our R&R. (Doc. 10).

On October 25, 2012, the Court issued a Memorandum and Order and, adopted our R&R. (Doc. 11). The Court also dismissed Plaintiff 's Complaint without prejudice to file an amended Complaint regrading only his sexual harassment claim. The Court directed Plaintiff to file his amended Complaint within fourteen days of its Order, *i.e.*, by November 9, 2012. The Court also advised Plaintiff that his failure to timely file his amended Complaint may result in a dismissal of his action.

---

[1] Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).

To date, Plaintiff has failed to file his Amended Complaint as directed by the Court. Nor has Plaintiff requested an extension of time to file his Amended Complaint, and he has not filed anything since his October 16, 2012 Objections.

## II. DISCUSSION.

Federal Rule of Civil Procedure 41(b) allows for the dismissal of an action for "failure of the plaintiff to *prosecute* or comply with these rules or *order of court* . . ." Fed.R.Civ.P. 41(b) (emphasis added). In the instant case, Plaintiff has failed to prosecute his action and, has failed to comply with the Order of this Court by his failure to timely file her Amended Complaint. Plaintiff has taken no action with respect to his case since October 16, 2012, when he filed Objections to our R&R. (Doc. 10). As stated, in the Court's October 25, 2012 Order, it directed Plaintiff to file his Amended Complaint by November 9, 2012. We then, sua sponte, afforded Plaintiff an additional sixteen days to comply with the Court's Order to file his Amended Complaint. More than one (1) month has passed since the Court issued its Order directing Plaintiff to file his Amended Complaint by November 9, 2012. (Doc. 11). However, Plaintiff has failed to timely file his Amended Complaint and, he failed to request an extension of time.

The behavior of Plaintiff constitutes a willful failure to prosecute his case, as opposed to a situation in which he has had problems in pursuing his case, but made efforts to comply with this Court's Orders. We find that Plaintiff's "behavior has been so egregious as to make self-evident the factual findings and analysis [of the *Poulis* factors]." *Williams v. Kort*, 223 Fed. Appx. 95, 103 (3d Cir. 2007). We find that due to Plaintiff's failure to file his Amended Complaint, this case cannot proceed forward. Therefore, we shall recommend that this case be dismissed without prejudice under Rule

41(b) due to Plaintiff's failure to prosecute it and due to his failure to comply with this Court's Order. Plaintiff should be deemed as abandoning his action. *See McCray v. Dauphin Co. Prison*, 2007 WL 431886 (M.D. Pa); *Nelson v. Berbanier*, 2006 WL 2853968 (M.D. Pa.).

Because we find that Plaintiff's conduct clearly shows that he intended to abandon his case, we do not find that an analysis of the factors of *Poulis v. State Farm Fire & Cas. Co.*, 747 F.3d 863, 868 (3d Cir. 1984) is required before recommending that this case be dismissed under Rule 41(b). *See Spain v. Gallegos*, 26 F.3d 439, 454-55 (3d Cir. 1994); *Guyer v. Beard*, 907 F. 2d 1424 (3d Cir. 1990) (the district court's requirement to perform an analysis under *Poulis* is obviated where Plaintiff's conduct is so egregious as to demonstrate an abandonment of his case).

In *Jackson v. Johnson*, 2006 WL 2136218, *1 (M.D. Pa.), the Court stated that "Fed. R. Civ. P. 41(b) allows for the dismissal of an action where the Plaintiff fails to prosecute or fails to comply with rules or orders of the court."

The *Jackson* Court also stated:

> The factors set forth in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868 (3d Cir.1984) [are analyzed] to determine whether dismissal of the action is appropriate in this case. The *Poulis* factors the Court should consider are: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. *Poulis,* 747 F.2d at 868.
>
> We agree with the Magistrate Judge's determination that the Plaintiff's dilatoriness outweighs any of the other considerations set forth in *Poulis,* and that Plaintiff's failure to comply with the Order of May 30, 2006 indicates that the Plaintiff has abandoned this lawsuit. His inaction points to no other logical conclusion.

4

*Id*.

Thus, out of an abundance of caution, we also analyze the *Poulis* factors. We find that Plaintiff's stated conduct in delaying his case is attributed to her personally. Plaintiff was required to have filed his Amended Complaint by November 9, 2012. (Doc. 11). However, Plaintiff has not properly filed any amended pleading as directed by the Court's Order, and he also has given no indication that he intends to pursue his action. Plaintiff has failed to contact the Court to provide an explanation as to why he failed to comply with its Order.

We find that Plaintiff has caused prejudice to Defendant since Defendant has been named in a federal lawsuit, and no action, including service of a proper pleading, has been made on him to date. While Plaintiff does not yet have a significant history of dilatoriness in this case, his present conduct in failing to prosecute his case filed two months ago, *i.e.*, on September 26, 2012, is nonetheless evidence of dilatoriness, especially since this case cannot proceed without his compliance with the Court's Order. Further, we find that the Court clearly advised Plaintiff of the consequences of his failure to timely file his Amended Complaint, *i.e.,* it may result in a dismissal of his case.

Plaintiff has failed to comply with the Court's Order, and thus, we shall now recommend that his case be dismissed without prejudice in accordance with Rule 41(b). As stated, this case cannot proceed without Plaintiff's compliance with the Court's Order to file his Amended Complaint. Because we shall recommend that Plaintiff's case be dismissed without prejudice and because Plaintiff is proceeding *in forma pauperis*, we find that other sanctions would not be effective in this case.

Thus, we find that the *Poulis* factors weigh in favor of dismissing this case without prejudice and that Plaintiff's failure to comply with the Court's Order and file his Amended Complaint demonstrates he has abandoned his case.

### III. RECOMMENDATION.

Based on the foregoing, we respectfully recommend that Plaintiff's case be dismissed without prejudice, in accordance with Rule 41(b), on the basis of Plaintiff's failure to comply with the Court's Order, and, failure to prosecute his action by filing his Amended Complaint.

                                        **s/ Thomas M. Blewitt**
                                        **THOMAS M. BLEWITT**
                                        **United States Magistrate Judge**

**Dated: November 27, 2012**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| MARCELINO AVILA, | : | CIVIL ACTION NO. **3:12-CV-1922** |
|---|---|---|
| Plaintiff | : | (Judge Kosik) |
| v. | : | (Magistrate Judge Blewitt) |
| CORRECTIONS OFFICER EIDEM, | : | |
| Defendant | : | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing Report and Recommendation dated **November 27, 2012**.

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections to our foregoing Report and Recommendation may constitute a waiver of any appellate rights.

  s/ Thomas M. Blewitt
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated:  November 27, 2012**